**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| WALTER J. SCHULTZ, II,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 3:26-CV-129-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Walter J. Schultz, II, on January 30, 2026, and Plaintiff's Opening Brief in Support of a Social Security Appeal [DE 9], filed by Plaintiff on May 11, 2026. Plaintiff requests that the decision of the Administrative Law Judge denying benefits be vacated and remanded for further proceedings. On August 3, 2026, the Commissioner filed a response, and on August 15, 2026, Plaintiff filed a reply.

## I. Background

On June 1, 2023, Plaintiff filed an application for benefits, alleging that he became disabled on February 1, 2023. Plaintiff's claims were denied initially and on reconsideration. On April 24, 2025, Administrative Law Judge ("ALJ") Leanne Foster held a telephonic hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On May 27, 2025, the ALJ issued a decision finding Plaintiff not disabled. The ALJ made the following findings under the five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2027.

2. The claimant has not engaged in substantial gainful activity since February

1, 2023, the alleged onset date.

3. The claimant has the following severe impairments: status-post non-displaced left greater tuberosity fracture of the humeral head; status-post right clavicle fracture with open reduction internal fixation.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1.

5. The claimant has the residual functional capacity except the claimant can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. He can never reach overhead with the bilateral upper extremities and can frequently reach in all other directions with the bilateral upper extremities.

6. The claimant is unable to perform any past relevant work.

7. The claimant was a younger individual age 18-49 on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age.

8. The claimant has at least a high school education.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2023, through the date of the decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ "will reverse an ALJ's decision only if it is the result of an error of law or if it is unsupported by substantial evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023). "A reversal and remand may be required, however, if the ALJ committed an error of law, or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014). At a minimum, "[a]n ALJ must provide an adequate 'logical bridge' connecting the evidence and [the] conclusions, but an ALJ's opinion need not specifically address every single piece of evidence." *Tutwiler v. Kijakazi*, 87 F.4th 853, 857 (7th Cir. 2023) (quoting *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010)).

## III. Analysis

Plaintiff argues that the ALJ failed to fulfill her duty to develop the record and that her analysis at step three was inadequate. The Commissioner argues that her analysis was supported by substantial evidence.

The determination of whether a claimant suffers from a listed impairment comes at steps two and three of the ALJ's analysis. Step two requires an examination of whether the claimant has an impairment or combination of impairments that are severe. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). At step three, the ALJ must determine whether the claimant's impairments meet

an impairment listed in the appendix to the social security regulations. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). An individual suffering from an impairment that meets the description of a listing or its equivalent is conclusively presumed to be disabled. *See Bowen v. Yuckert*, 482 U.S. 137, 141 (1987).

Plaintiff argues that the ALJ failed to engage with the requirements of Listings 1.18 and 8.09. The full extent of the ALJ's listing analysis stated:

> Despite the claimant's diagnosed impairments, the medical evidence does not document listing level severity, and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, either individually or in combination. In making this finding, the undersigned considered Listing 1.00 et al. This finding, as to the claimant not meeting or equaling a Listing, is consistent with the soon to be discussed State agency consultative opinions. As noted, the record is absent any physician opinion as to the claimant meeting or equaling a listing.

AR 37. As Plaintiff argues, the ALJ did not even identify which listings she considered, if any. "Listing 1.00 et al." is the introductory section to all musculoskeletal disorders listings. Defendant argues in depth that Plaintiff's impairments do not meet the elements of either listing, but the ALJ did not even mention any of those elements. *See Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (explaining that the *Chenery* doctrine "forbids an agency's lawyers to defend the agency's decision on grounds that the agency itself had not embraced") (citing *SEC v. Chenery Corp.,* 318 U.S. 80, 87–88 (1943)).

Even leaving aside the question of whether the ALJ was required to identify which listings she considered, this analysis is insufficient. It is completely perfunctory, leaving the Court unable to determine what evidence the ALJ determined or engage in any type of meaningful review. *Minnick v. Colvin*, 775 F.3d 929, 935–36 (7th Cir. 2015) ("This is the very type of perfunctory

analysis we have repeatedly found inadequate to dismiss an impairment as not meeting or equaling a Listing. The ALJ dismissed the possibility of Minnick's degenerative disc disease meeting or equally Listing 1.04's criteria in two sentences. Beyond these two sentences, she provided no analysis whatsoever supporting her conclusion.") (citing *Kastner v. Astrue,* 697 F.3d 642, 647–48 (7th Cir.2012); *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004); *Brindisi v. Barnhart,* 315 F.3d 783, 786 (7th Cir.2003)). The Court is unable to trace a logical bridge between the ALJ's failure to even identify what listings she considered, let alone analyze any of the elements of the listing(s), and her conclusion that Plaintiff's impairments do not meet their requirements. *Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2024) (requiring "ALJs [to] provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review'") (quoting *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014)); *see also id.* ("A decision that lacks adequate discussion of the issues will be remanded."). Although the claimant bears the burden of proving that her condition meets the criteria of a listing, *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006), the ALJ's decision must "offer more than a perfunctory analysis of the listing." *Barnett*, 381 F.3d at 668 (citing *Brindisi v. Barnhart*, 315 F.3d 783, 786 (7th Cir. 2003); *Scott*, 297 F.3d at 595–96; *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)).

Plaintiff also argues that the ALJ failed to develop the record, identifying orthopedic and physical therapy records that the agency initially requested but did not receive or follow up with the office responses regarding the incomplete forms. Plaintiff points to the requirement that "the Commissioner of Social Security shall consider all evidence available in such individual's case record, and shall develop a complete medical history of at least the preceding twelve months." 42

U.S.C. §§ 423(d)(5)(B). On remand, the Commissioner has the opportunity to obtain the missing records and develop the record.

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief in Support of a Social Security Appeal [DE 9] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 13th day of November, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record